Scott S. Thomas, Bar No. 031418
sst@paynefears.com
Sarah J. Odia, *pro hac vice pending*
sjo@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
2375 East Camelback Road, 6th Floor
Phoenix, Arizona 85016
Telephone: (602) 344-9549
Facsimile: (602) 344-9653

Attorneys for Plaintiffs Pulte Home
Company, LLC and Pulte Development
Corporation

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Pulte Home Company, LLC, a Michigan limited liability corporation; and Pulte Development Corporation, a Michigan corporation, | Case No. |
| | **PLAINTIFFS' COMPLAINT FOR:** |
| Plaintiffs, | **(1) DECLARATORY JUDGMENT;** |
| v. | **(2) BREACH OF CONTRACT; AND** |
| James River Insurance Company, an Ohio corporation; United Specialty Insurance Company, a Delaware corporation; Knight Specialty Insurance Company, a Delaware corporation; Colony Specialty Insurance Company, an Ohio corporation; Wesco Insurance Company, a Delaware corporation; Starr Indemnity & Liability Company, a Texas corporation; Scottsdale Indemnity Company, an Ohio corporation, Pennsylvania Lumbermens Mutual Insurance Company, a Pennsylvania corporation; Westfield Insurance Company, an Ohio corporation; Liberty Mutual Fire Insurance Company, a Wisconsin corporation; Hanover American Insurance Company, a New Hampshire corporation; Travelers Property Casualty Company of America, a Connecticut corporation; Cincinnati Specialty Underwriters Insurance | **(3) BAD FAITH**<br><br>**JURY DEMAND** |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

1  Company, a Delaware corporation,

2             Defendants.

3

4         Plaintiffs Pulte Home Company, LLC and Pulte Development Corporation

5  (collectively, "Plaintiffs") hereby allege as follows:

6                                    **PARTIES**

7         1.      At all times mentioned herein, Pulte Home Company, LLC was and is a

8  Michigan limited liability company with its principal place of business in Georgia.

9         2.      At all times mentioned herein, Pulte Development Corporation was and

10 is a Michigan corporation with its principal place of business in Georgia.

11        3.      Plaintiffs are informed and believe, and on that basis allege, that

12 Navigators Insurance Company ("Navigators") was and is a New York corporation

13 with its principal place of business in Connecticut.

14        4.      Plaintiffs are informed and believe, and on that basis allege, that James

15 River Insurance Company ("James River") was and is an Ohio corporation with its

16 principal place of business in Virginia.

17        5.      Plaintiffs are informed and believe, and on that basis allege, that United

18 Specialty Insurance Company ("United Specialty") was and is a Delaware

19 corporation with its principal place of business in Texas.

20        6.      Plaintiff is informed and believes, and on that basis alleges, that Knight

21 Specialty Insurance Company ("KSIC") is a Delaware corporation with its principal place

22 of business in California. United Specialty and KSIC are collectively referred to as

23 "USIC."

24        7.      Plaintiffs are informed and believe, and on that basis allege, that

25 Colony Specialty Insurance Company ("Colony") was and is an Ohio corporation

26 with its principal place of business in Virginia.

27        8.      Plaintiffs are informed and believe, and on that basis allege, that Starr

28 Indemnity & Liability Company ("Starr") was and is a Texas corporation with its

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-9549

principal place of business in Texas.

9.    Plaintiffs are informed and believe, and on that basis allege, that Scottsdale Indemnity Company ("Scottsdale") was and is an Ohio corporation with its principal place of business in Ohio.

10.    Plaintiffs are informed and believe, and on that basis allege, that Pennsylvania Lumbermens Mutual Insurance Company ("Pennsylvania Lumbermens") was and is a Pennsylvania corporation with its principal place of business in Pennsylvania.

11.    Plaintiffs are informed and believe, and on that basis allege, that Westfield Insurance Company ("Westfield") was and is an Ohio corporation with its principal place of business in Kentucky.

12.    Plaintiffs are informed and believe, and on that basis allege, that Liberty Mutual Fire Insurance Company ("Liberty Mutual") was and is a Wisconsin corporation with its principal place of business in Massachusetts.

13.    Plaintiffs are informed and believe, and on that basis allege, that Hanover American Insurance Company ("Hanover") was and is a New Hampshire corporation with its principal place of business in Massachusetts.

14.    Plaintiffs are informed and believe, and on that basis allege, that Travelers Property Casualty Company of America ("Travelers") was and is a Connecticut corporation with its principal place of business in Connecticut.

15.    Plaintiffs are informed and believe, and on that basis allege, that Cincinnati Specialty Underwriters Insurance Company ("Cincinnati") was and is a Delaware corporation with its principal place of business in Ohio.

## JURISDICTION AND VENUE

16.    This Court has original jurisdiction over this action founded on diversity of citizenship pursuant 28 U.S.C. § 1332, because the matters in controversy exceed $75,000.00 per defendant, exclusive of interest and costs, and because complete diversity exists between Pulte and Defendants.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

17.   Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

**The Sun City Festival Project**

18.   Pulte is a homebuilder that participated in the construction of a residential project known as Sun City Festival (the "Project"), which is located in Buckeye, Arizona.

19.   Pulte performed no work on the Project; instead, subcontractors performed all of the work.

20.   Austin Concrete ("Austin") subcontracted with Pulte to, among other things, perform concrete work on the Project.

21.   Bell Concrete ("Bell") subcontracted with Pulte to, among other things, perform concrete work at the Project.

22.   Cascade Windows ("Cascade") subcontracted with Pulte to, among other things, install window systems at the Project.

23.   Circle B Grading ("Circle B") subcontracted with Pulte to, among other things, perform grading work on the Project.

24.   Diversified Roofing ("Diversified") subcontracted with Pulte to, among other things, perform roofing labor and install roofing systems at the Project.

25.   Gothic Landscaping ("Gothic") subcontracted with Pulte to, among other things, perform landscaping work on the Project.

26.   Heritage Interiors ("Heritage") subcontracted with Pulte to, among other things, perform flooring labor and install flooring systems at the Project.

27.   Kaiser Garage Doors & Gates ("Kaiser") subcontracted with Pulte to, among other things, install garage door systems and gates at the Project.

28.   Loftco ("Loftco") subcontracted with Pulte to, among other things, perform framing work on the Project.

29.   Mesa Fully Formed ("Mesa") subcontracted with Pulte to, among other things, install countertops at the Project.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

30.    Oakcraft ("Oakcraft") subcontracted with Pulte to, among other things, perform cabinetry work on the Project.

31.    Paul Johnson Drywall ("Paul Johnson") subcontracted with Pulte to, among other things, perform drywall work on the Project.

32.    Stucco Systems ("Stucco Systems") subcontracted with Pulte to, among other things, perform stucco work on the Project.

33.    Sun Master Masonry ("Sun Master") subcontracted with Pulte to, among other things, perform masonry work on the Project and install masonry fences at the Project.

34.    United Construction ("United Construction") subcontracted with Pulte to, among other things, perform trim work on the Project.

35.    XO Windows ("XO Windows") subcontracted with Pulte to, among other things, install window systems at the Project.

**The James River Policies**

36.    Austin and Cascade performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

37.    Each subcontract required Austin and Cascade to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

38.    Austin and Cascade obtained commercial general liability policies from James River (the "James River Policies"):

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| James River | 0097755-0<br>00097755-1 | 12/1/19 - 12/1/20<br>12/1/20 - 12/1/21 | Austin | Pulte |
| James River | 00104735-0<br>00104735-1<br>00104735-2 | 6/30/19 - 6/30/20<br>6/30//21 - 1/1/22<br>6/30/21 - 6/30/22 | Cascade | Pulte |

39.    The James River Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Austin and Cascade's work.

40.    The coverage afforded under the James River Policies requires Defendant James River to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Austin and Cascade's work or operations.

**The USIC Policies**

41.    Austin, Bell, Circle B, Diversified, Heritage, Loftco, Mesa, Paul Johnson, Stucco Systems, Sun Master, United Construction, and XO Windows performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

42.    Each subcontract required Austin, Bell, Circle B, Diversified, Heritage, Loftco, Mesa, Paul Johnson, Stucco Systems, Sun Master, United Construction, and XO Windows to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

43.    Austin, Bell, Circle B, Diversified, Heritage, Loftco, Mesa, Paul Johnson, Stucco Systems, Sun Master, United Construction, and XO Windows

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

obtained commercial general liability policies from USIC (the "USIC Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| USIC | BVO1412682 | 3/14/14 – 3/14/15 | Austin | Pulte |
| | BVO1523350 | 3/14/15 – 3/14/16 | | |
| | BVO1633618 | 3/14/16 – 12/1/16 | | |
| | ATN-SF1711271 | 12/1/17 – 12/1/18 | | |
| | ATN-SF1823357 | 12/1/18 – 12/1/19 | | |
| USIC | KSVENA150009400 | 5/1/15 – 5/1/16 | Bell | Pulte |
| | KSVENA160057501 | 5/1/16 – 8/4/16 | | |
| | BVO1623780 | 8/4/16 – 5/1/17 | | |
| | ATN-ATL1730353 | 5/1/17 – 5/1/18 | | |
| | ATN-ATL1841219 | 5/1/18 – 5/1/19 | | |
| USIC | BVO1332391 | 10/15/13 – 10/15/14 | Circle B | Pulte |
| | BVO1443073 | 10/15/14 – 10/15/15 | | |
| | KSVENA150026505 | 10/15/15 – 10/15/16 | | |
| | BVO01674170 | 8/4/16 – 10/1/17 | | |
| | ATN-ATL1780646 | 10/1/17 – 10/1/18 | | |
| | ATN-ATL1890919 | 10/1/18 – 10/1/19 | | |
| | ATN-ATL19101816 | 10/1/19 – 10/1/20 | | |
| | ATN20115559 | 10/1/20 – 10/1/21 | | |
| USIC | BVO1513373 | 4/1/15 - 4/10/16 | Diversified | Pulte |
| | KSVENS161158700 | 4/1/16 - 8/4/16 | | |
| | BTO1618752 | 8/4/16 - 6/1/17 | | |
| | ATN-SF1720499 | 6/1/17 - 6/1/18 | | |
| | ATN-SF1831865 | 6/1/18 - 6/1/19 | | |
| | ATN-SF1944598 | 6/1/19 - 6/1/20 | | |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| USIC | BVO1443026<br>BVO1553431 | 9/13/14 – 5/15/15<br>5/15/15 – 5/15/16 | Heritage | Pulte |
| USIC | BVO1412708<br>BVO1523366<br>BVO1633622<br>ATN-ATL1740237<br>ATN-ATL1851143<br>ATN-ATL1964238<br>ATN2076093<br>ATN2187804 | 4/1/14 – 4/1/15<br>4/1/15 – 4/1/16<br>4/1/16 – 4/1/17<br>4/1/17 – 4/1/18<br>4/1/18 – 4/1/19<br>4/1/19 – 4/1/20<br>4/1/20 - 4/1/21<br>4/1/21 - 4/1/22 | Loftco | Pulte |
| USIC | BVO1432728<br>BVO1543368<br>BVO1653625<br>ATN-ATL1760254<br>ATN-ATL1871147 | 4/7/14 – 4/7/15<br>4/7/15 – 4/7/16<br>4/7/16 – 4/7/17<br>4/7/17 – 4/7/18<br>4/7/18 – 4/7/19 | Mesa | Pulte |
| USIC | BTO1426739<br>BTO01537587<br>BTO1648239<br>ATN-SF1750422<br>ATN-SF1861698 | 4/1/14 – 4/1/15<br>4/1/15 – 4/1/16<br>4/1/16 – 4/1/17<br>4/1/17 – 4/1/18<br>4/1/18 – 4/1/19 | Paul Johnson | Pulte |
| USIC | BTO1517471<br>KVENS161151701<br>ATN-SF1730162<br>ATN-SF1841433<br>ATN-SF1953532 | 2/1/15 - 2/1/16<br>2/1/16 - 2/1/17<br>2/1/17 - 2/1/18<br>2/1/18 - 2/1/19<br>2/1/19 - 2/1/21 | Stucco Systems | Pulte |

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| USIC | BTO1316233 | 8/1/13 – 8/1/14 | Sun Master | Pulte |
| | BTO1426990 | 7/1/14 – 7/1/15 | | |
| | BUO1412894 | 7/1/14 – 7/1/15 | | |
| | KSVENS151135202 | 7/1/15 – 7/1/16 | | |
| | BTO1648441 | 7/1/16 – 7/1/17 | | |
| | ATN-SF1750781 | 7/1/17 – 7/1/18 | | |
| | ATN-SF1862071 | 7/1/18 – 7/1/19 | | |
| USIC | BVO1432728 | 4/7/14 – 4/7/15 | United Construction | Pulte |
| | BVO1543368 | 4/7/15 – 4/7/16 | | |
| | BVO1653625 | 4/7/16 – 4/7/17 | | |
| | ATN-ATL1760254 | 4/7/17 – 4/7/18 | | |
| | ATN-ATL1871147 | 4/7/18 – 4/7/19 | | |
| | ATN-ATL1984237 | 4/7/19 – 4/7/20 | | |
| | ATN-ATL2096077 | 4/7/20 – 4/7/21 | | |
| | ATN21107806 | 4/7/21 – 4/7/22 | | |
| | ATN22111661 | 4/7/22 – 4/7/23 | | |
| USIC | BVO1533210 | 2/21/15 - 2/21/16 | XO | Pulte |
| | BVO1643568 | 2/21/16 - 2/21/17 | | |
| | ATN-ATL1750053 | 2/21/17 – 1/21/18 | | |
| | ATN-ATL1860909 | 2/21/18 – 2/21/19 | | |
| | ATN-ATL1961771 | 2/21/19 – 2/21/20 | | |
| | ATN-2075576 | 2/21/20 – 2/21/21 | | |
| | ATN2187350 | 2/21/21 – 2/21/22 | | |
| | ATN2291181 | 2/21/22 – 2/21/23 | | |

44.    The USIC Policies were endorsed to cover Pulte as an "additional

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

insured" with respect to liability arising out of Austin, Bell, Circle B, Diversified, Heritage, Loftco, Mesa, Paul Johnson, Stucco Systems, Sun Master, United Construction, and XO Windows's work.

45.     The coverage afforded under the USIC Policies requires Defendant USIC to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Austin, Bell, Circle B, Diversified, Heritage, Loftco, Mesa, Paul Johnson, Stucco Systems, Sun Master, United Construction, and XO Windows's work or operations.

**The Colony Policies**

46.     Bell performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

47.     Each subcontract required Bell to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

48.     Bell obtained commercial general liability policies from Colony (the "Colony Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Colony | 103GL0028873 | 5/1/19 – 5/1/20 | Bell | Pulte |

49.     The Colony Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Bell's work.

50.     The coverage afforded under the Colony Policies requires Defendant Colony to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

injury arising out of Bell's work or operations.

**The Wesco Policies**

51.     Gothic and Kaiser performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

52.     Each subcontract required Gothic and Kaiser to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

53.     Gothic and Kaiser obtained commercial general liability policies from Wesco (the "Wesco Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Wesco   | WPP1055130-03    | 4/1/15 – 4/1/16  | Gothic        | Pulte              |
|         | WPP1055130-04    | 4/1/16 – 4/1/17  |               |                    |
|         | WPP1055130-05    | 4/1/17 – 4/1/18  |               |                    |
|         | WPP1055130-06    | 4/1/18 – 4/1/19  |               |                    |
|         | WPP1055130-07    | 4/1/19 – 4/1/20  |               |                    |
|         | WPP1055130-08    | 4/1/20 – 4/1/21  |               |                    |
|         | WPP1055130-09    | 4/1/21 – 4/1/22  |               |                    |
|         | WPP1055130-10    | 4/1/22 – 4/1/23  |               |                    |
| Wesco   | WPP1427351-00    | 1/1/16 – 1/1/17  | Kaiser        | Pulte              |
|         | WUM1427353-00    | 1/1/16 – 1/1/17  |               |                    |
|         | WPP1427351-01    | 1/1/17 – 1/1/18  |               |                    |
|         | WPP1427351-02    | 1/1/18 – 1/1/19  |               |                    |
|         | WPP1427351-03    | 1/1/19 - 1/1/20  |               |                    |

54.     The Wesco Policies were endorsed to cover Pulte as an "additional

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

insured" with respect to liability arising out of Gothic and Kaiser's work.

55.     The coverage afforded under the Wesco Policies requires Defendant Wesco to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Gothic and Kaiser's work or operations.

**The Starr Policies**

56.     Heritage performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

57.     Each subcontract required Heritage to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

58.     Heritage obtained commercial general liability policies from Starr (the "Starr Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Starr | 1000025503161 | 5/15/16 – 5/15/17 | Heritage | Pulte |
|       | 1000025503171 | 5/15/17 – 5/15/18 |          |       |
|       | 1000025503181 | 5/15/18 – 11/15/18 |         |       |
|       | 1000025650181 | 11/15/18 – 11/15/19 |        |       |
|       | 1000025650201 | 11/15/20 – 11/15/21 |        |       |
|       | 1000025650211 | 11/15/21 – 11/15/22 |        |       |

59.     The Starr Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Heritage's work.

60.     The coverage afforded under the Starr Policies requires Defendant Starr to defend and indemnify Pulte against all claims that allege (duty to defend) and

result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Heritage's work or operations.

**The Scottsdale Policies**

61.    Mesa performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

62.    Each subcontract required Mesa to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

63.    Mesa obtained commercial general liability policies from Scottsdale (the "Scottsdale Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Scottsdale | RBI0001058 | 4/1/17 – 4/1/18 | Mesa | Pulte |

64.    The Scottsdale Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Mesa's work.

65.    The coverage afforded under the Scottsdale Policies requires Defendant Scottsdale to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Mesa's work or operations.

**The Pennsylvania Lumbermens Policies**

66.    Mesa performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

67.    Each subcontract required Mesa to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed

PAYNE & FEARS LLP

ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

68.    Mesa obtained commercial general liability policies from Pennsylvania Lumbermens (the "Pennsylvania Lumbermens Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|-----------------|------------------|---------------|--------------------|
| Pennsylvania Lumbermens | 2M0070118 | 4/1/18 – 4/1/19 | Mesa | Pulte |
|  | 02M0070119 | 4/1/19 – 4/1/20 |  |  |
|  | 02M0070120 | 4/1/20 – 4/1/21 |  |  |
|  | 02M0070121 | 4/1/21 – 4/1/22 |  |  |
|  | 02M0070122 | 4/1/22 – 4/1/23 |  |  |

69.    The Pennsylvania Lumbermens Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Mesa's work.

70.    The coverage afforded under the Pennsylvania Lumbermens Policies requires Defendant Pennsylvania Lumbermens to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Mesa's work or operations.

**The Westfield Policies**

71.    Oakcraft performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

72.    Each subcontract required Oakcraft to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

73.    Oakcraft obtained commercial general liability policies from Westfield

-14-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

(the "Westfield Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---|---|---|---|---|
| Westfield | TRA1655307 | 6/7/14 – 6/7/18 | Oakcraft | Pulte |

74.    The Westfield Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Oakcraft's work.

75.    The coverage afforded under the Westfield Policies requires Defendant Westfield to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Oakcraft's work or operations.

**The Liberty Mutual Policies**

76.    Cascade and Oakcraft performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

77.    Each subcontract required Cascade and Oakcraft to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

78.    Cascade and Oakcraft obtained commercial general liability policies from Liberty Mutual (the "Liberty Mutual Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---|---|---|---|---|
| Liberty Mutual | TB6-Z91-461736-034 | 11/16/14 – 11/16/15 | Cascade | Pulte |
| | TB6-Z91-461736-035 | 11/16/15 – 11/16/16 | | |
| | TB6-Z91-461736-036 | 11/16/16 - 11/16/17 | | |
| | TB6-Z91-461736-037 | 11/16/17 - 6/30/18 | | |
| | TB2-Z91-461736-128 | 6/30/18 - 6/30/19 | | |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
|  | TB2-Z91-461736-129 | 6/30/19 - 6/30/20 |  |  |
| Liberty Mutual | TB5-Z91-468989-028 | 6/7/18 – 6/7/19 | Oakcraft | Pulte |
|  | TB5-Z91-468989-029 | 6/7/19 – 6/7/20 |  |  |

79.     The Liberty Mutual Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Cascade and Oakcraft's work.

80.     The coverage afforded under the Liberty Mutual Policies requires Defendant Liberty Mutual to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Cascade and Oakcraft's work or operations.

**The Hanover Policies**

81.     Oakcraft performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

82.     Each subcontract required Oakcraft to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

83.     Oakcraft obtained commercial general liability policies from Hanover (the "Hanover Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Hanover | ZZ4H27426700 | 6/7/20 – 6/7/21 | Oakcraft | Pulte |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

84. The Hanover Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Oakcraft's work.

85. The coverage afforded under the Hanover Policies requires Defendant Hanover to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Oakcraft's work or operations.

**The Travelers Policies**

86. Kaiser Garage Doors & Gates ("Kaiser") performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

87. Each subcontract required Kaiser to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

88. Kaiser obtained commercial general liability policies from Travelers (the "Travelers Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Travelers | Y-630-9A014108 | 1/1/12 – 1/1/13 | Kaiser | Pulte |
| Travelers | Y-630-4E939854 | 5/1/14 – 1/1/16 | Kaiser | Pulte |
| Travelers | Y-630-3P999130 | 1/1/20 – 1/1/21 | Kaiser | Pulte |

89. The Travelers Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Kaiser's work.

90. The coverage afforded under the Travelers Policies requires Defendant Travelers to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Kaiser's work or operations.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

**The Cincinnati Policies**

91.　Paul Johnson Drywall ("Paul Johnson") performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

92.　Each subcontract required Paul Johnson to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

93.　Paul Johnson obtained commercial general liability policies from Cincinnati (the "Cincinnati Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---|---|---|---|---|
| Cincinnati | CSU01310165 | 4/1/19 – 5/31/21 | Paul Johnson | Pulte |

94.　The Cincinnati Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Paul Johnson's work.

95.　The coverage afforded under the Cincinnati Policies requires Defendant Cincinnati to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Paul Johnson's work or operations.

**The *Trujillo* Claims**

96.　In or around March 15, 2021, five (5) homeowners in the Sun City Festival community in Buckeye, Arizona initiated arbitration proceedings against Pulte, entitled *Vernon & Gayla Trujillo, et al. v. Pulte Home Corporation and Pulte Development Corporation.*, Case No. 01-21-0001-1160-2-KS, pending before the American Arbitration Association ("*Trujillo*"), alleging property damage to their homes as a result of defective construction, including but not limited to, property

damage to and arising out of the performance of geo-technical work, the construction and the assembly of stucco systems, foundation systems, concrete flatwork, grading, landscaping, cabinet and counter-tops, trim carpentry, drywall systems, door systems, garage door systems, gates, window systems, framing, flooring, tile and granite, masonry work and masonry fencing, and roofing systems.

97.    The *Trujillo* homeowners subsequently amended their Demand for Arbitration to add additional homeowners, bringing the total to 8 homeowners as of the December 30, 2022, Third Supplemental Demand for Arbitration.

98.    The *Trujillo* homeowners seek at least $300,000 in damages from Pulte for property damage arising out of the work, operations, and/or ongoing operations of the Defendant insurers' named insured subcontractors listed herein.

99.    As a result of the *Trujillo* Claim, Pulte has incurred and will continue to incur significant costs, including, but not limited to, forensic, investigative, and repair costs, attorneys' fees and other expenses.

100.    The *Trujillo* claimants are seeking damages from Pulte for property damage arising out of and/or resulting from the Defendants' named insured subcontractors' work on the Project.  If the homeowner-plaintiffs are successful in obtaining an award against Pulte, Pulte will have incurred liability arising out of and/or resulting from the work of the Defendants' named-insured subcontractors.

101.    Pulte tendered its defense and indemnity of the *Trujillo* Claims to each of the Defendant insurers under the insurance policies listed herein.

102.    USIC acknowledged a duty to defend Pulte under the policies it issued to Bell. Cincinnati acknowledged a duty to defend Pulte under the policy it issued to Paul Johnson. Both USIC and Cincinnati have, thus far, failed to reimburse Pulte for any of its defense costs despite numerous requests for reimbursement.

103.    Other than the USIC and Cincinnati (collectively, the "Defending Insurers"), each and every other Defendant rejected—or otherwise failed to respond to—Pulte's tenders for defense and indemnity of the *Trujillo* Claims, leaving Pulte

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-6549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

1  with substantial unreimbursed defense costs.

2     104.   Pursuant to the insurance policies issued by the Defendants to their

3  respective named-insured subcontractors, as specified herein, the Defendants owe a

4  duty to pay all of the defense fees and costs that Pulte incurred and will continue to

5  incur in defending against the *Trujillo* Claims.

6     105.   Pursuant to the insurance policies issued by the Defendants to their

7  respective named-insured subcontractors, as specified herein, the Defendants have a

8  duty to indemnify Pulte for any liability Pulte incurs as a result of the *Trujillo*

9  Claims for property damage that arises out of and/or that is caused in whole or in

10  part by the Defendants' respective named insured subcontractors' work.

11     106.   The Defendants breached their duties by refusing to defend Pulte, or in

12  the case of the Defending Insurers, failing to fully defend Pulte. On information and

13  belief, Defendants misrepresented policy provisions and/or material facts related to

14  coverage, failed to make prompt payment of Pulte's demands for reimbursement of

15  its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense

16  of the *Trujillo* Claims. As a result of Defendants' conduct, Pulte has been forced to

17  expend significant resources defending itself against the *Trujillo* Claims. As of the

18  date of the filing of this Complaint, Pulte has incurred more than $100,000.00 in

19  attorneys' fees and costs defending against the *Trujillo* Claims, and will continue to

20  incur significant expenses defending against the *Trujillo* Claims, which are ongoing.

21     107.   Upon information and belief, the Defendants failed to investigate or

22  timely respond to Pulte's tender of defense and indemnity, if they responded at all.

23     108.   Upon information and belief, the Defendants failed to consider the

24  allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

25     109.   Pleading further and in the alternative, in addition to these specific

26  allegations based on insurance policy endorsements directly adding Pulte as an

27  additional insured to each policy issued by the Defendants and listed herein, each

28  policy listed herein above contained a provision or provisions the effect of which is

to allow Pulte to stand in the shoes of the Defendants' named-insured subcontractors for purposes of coverage.

110.    The above is not an exclusive list of the Defendants' potential liability to Pulte as other theories of potential coverage and recovery may be apparent based on the specific policies and/or specific actions of each Defendant.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

(By Pulte Against All Defendants)

111.    Pulte realleges the allegations contained in paragraphs 1 through 110 inclusive, and incorporates them by reference as though fully set forth herein.

112.    Pulte is named as an additional insured or is a known third-party beneficiary of each of the insurance policies issued by the Defendants listed herein.

113.    An actual controversy has arisen and now exists between Plaintiffs, on the one hand, and Defendants, on the other hand, in that Plaintiffs contend that under the policies described herein, Defendants owe a separate and independent duty to promptly provide Plaintiffs with a full and conflict-free defense of the *Trujillo* claims.

114.    Plaintiffs are informed and believe that Defendants contend otherwise.

115.    Pulte seeks a judicial resolution of the controversy and a declaration of the following:

   i. Pulte is an additional insured under the Defendants' policies listed herein based on specific endorsements to the policy and/or the insured contracts between Pulte and the Defendants' named-insured subcontractors;

   ii. The Defendants have a duty to fully defend Pulte that was triggered by the allegations in the underlying complaint, facts brought to the Defendants' attention, or through facts that could have been acquired through a reasonable investigation; and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

iii. The Defendants' must indemnify Pulte for damages arising out of the work or operations of Defendants' named-insured subcontractors.

116.    A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Plaintiffs and Defendants may be determined.

## **SECOND CAUSE OF ACTION**

### **Breach of Contract**

(By Pulte Against All Defendants)

117.    Pulte realleges the allegations contained in paragraphs 1 through 116, inclusive, and incorporates them by reference as though fully set forth herein.

118.    Pulte requested that Defendants defend Pulte against the *Trujillo* Claims under the insurance policies each of the Defendants issued to their respective named-insured subcontractors, as described more fully above. Pulte has performed all obligations owing under each of the policies in connection with its tender of defense, and Pulte has satisfied all relevant conditions precedent.

119.    Defendants have failed to discharge their contractual duties to defend Pulte against the *Trujillo* Claims. More particularly, Defendants, with the exception of the Defending Insurers: (1) breached their contracts by failing to promptly respond to Pulte's tenders, if they responded at all; (2) breached their contracts by refusing to provide Pulte with a defense; and (3) breached their contracts by refusing to fully investigate Pulte's tender.

120.    The Defending Insurers have failed to discharge their contractual duties to defend Pulte against the *Trujillo* Claims by both failing to provide Pulte with a full and complete defense and by failing to reimburse Pulte for any of its defense costs despite numerous requests for reimbursement.

121.    As a direct and proximate result of Defendants' conduct as alleged in this Complaint, Pulte has been damaged and will continue to be damaged in an amount to be proven at trial.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

### THIRD CAUSE OF ACTION

### (Bad Faith)

(By Pulte Against All Defendants except for the Defending Insurers)

122.   Pulte realleges the allegations contained in paragraphs 1 through 121, inclusive, and incorporates them by reference as though fully set forth herein.

123.   Each of the Defendants owes duties to act honestly and in good faith with its insureds and to reasonably conduct a timely and fair investigation and evaluation of claims.

124.   Each of the Defendants, except for the Defending Insurers, failed to timely investigate and properly evaluate Pulte's tender of its defense and indemnity of the *Trujillo* Claims Claim, which is unreasonable under the circumstances and constitutes bad faith breaches of their duties to act honestly and in good faith and to reasonably conduct a timely and fair investigation and evaluation of Pulte's claims.

125.   Each of the Defendants, except for the Defending Insurers, have unreasonably delayed and/or denied Pulte's request for defense and indemnity, including but not limited to failing and refusing to provide an immediate, full and complete defense to Pulte.

126.    Such conduct constitutes bad faith breaches that warrant compensatory damages.

127.   Furthermore, each of the Defendants' reasons for delay and/or denial of Pulte's claims are frivolous and unfounded.

128.   The conduct of the Insurance Defendants, except for the Defending Insurers, constitutes bad faith, malicious, willful, reckless, and wanton conduct warranting an award of punitive damages.

### PRAYER

WHEREFORE, Pulte prays for judgment against Defendants as follows:

1.   **FIRST CAUSE OF ACTION**:

    a.   For declaratory relief as described above;

b.      For all costs and expenses at the full extent permitted by law;

c.      For pre-judgment interest and post-judgment interest at the full extent permitted by law;

d.      For attorneys' fees to the extent recoverable by applicable law; and

e.      For such other and further relief as the Court deems fair and proper.

2.      **SECOND CAUSE OF ACTION**:

a.      For general and specific damages in an amount to be proven at trial;

b.      For punitive damages at the full extent permitted by law;

c.      For all costs and expenses at the full extent permitted by law;

d.      For pre-judgment interest and post-judgment interest at the full extent permitted by law;

e.      For 10% per annum of the amount of Pulte's claim;

f.      For attorneys' fees to the extent recoverable by applicable law, which shall  be taxed against the Defendants as costs, and

g.      For such other and further relief as the Court deems fair and proper.

3.      **THIRD CAUSE OF ACTION**:

a.      For general and specific damages in an amount to be proven at trial;

b.      For punitive damages at the full extent permitted by law;

c.      For all costs and expenses at the full extent permitted by law;

d.      For pre-judgment interest and post-judgment interest at the full extent permitted by law;

e.      For 10% per annum of the amount of Pulte's claim;

f.      For attorneys' fees to the extent recoverable by applicable law,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-9549

1    which shall be taxed against the Defendants as costs, and

2       g.    For such other and further relief as the Court deems fair and

3    proper.

4    DATED:  June 9, 2023              PAYNE & FEARS LLP
                                       Attorneys at Law
5

6

7                                By:  _____/s/ Scott S. Thomas_____

8                                      Scott S. Thomas, Bar No. 031418
                                       sst@paynefears.com
9                                      Sarah J. Odia, *pro hac vice pending*
                                       sjo@paynefears.com
10                                     PAYNE & FEARS LLP
                                       Attorneys at Law
11                                     2375 East Camelback Road, 6th Floor
                                       Phoenix, Arizona 85016
12                                     Telephone: (602) 344-9549
                                       Facsimile: (602) 344-9653
13
                                       Attorneys for Plaintiffs Pulte Home
14                                     Company, LLC and Pulte Development
                                       Corporation
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

1

## **JURY DEMAND**

2

Plaintiff hereby demands a trial by jury.

3     DATED:  June 9, 2023                    PAYNE & FEARS LLP
                                              Attorneys at Law
4

5

6
                                       By:   _____/s/ Scott S. Thomas_____
7                                            Scott S. Thomas, Bar No. 031418
                                             sst@paynefears.com
8                                            Sarah J. Odia, *pro hac vice pending*
                                             sjo@paynefears.com
9                                            PAYNE & FEARS LLP
                                             Attorneys at Law
10                                           2375 East Camelback Road, 6th Floor
                                             Phoenix, Arizona 85016
11                                           Telephone: (602) 344-9549
                                             Facsimile: (602) 344-9653
12
                                             Attorneys for Plaintiffs Pulte Home
13                                           Company, LLC and Pulte Development
                                             Corporation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

COMPLAINT

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

# <u>Civil Cover Sheet</u>

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| **Plaintiff(s):** **Pulte Home Company, LLC ; Pulte Development Corporation** | **Defendant(s):** **James River Insurance Company ; United Specialty Insurance Company ; Knight Specialty Insurance Company ; Colony Specialty Insurance Company ; Wesco Insurance Company ; Starr Indemnity & Liability Company ; Scottsdale Indemnity Company ; Pennsylvania Lumbermens Mutual Insurance Company ; Westfield Insurance Company ; Liberty Mutual Fire Insurance Company ; Hanover American Insurance Company ; Travelers Property Casualty Company of America ; Cincinnati Specialty Underwriters Insurance Company** |

County of Residence: Outside the State of Arizona

County Where Claim For Relief Arose: Maricopa

County of Residence: Outside the State of Arizona

Plaintiff's Atty(s):

**Scott S. Thomas (** Pulte Home Company, LLC ; Pulte Development Corporation **)**
**Payne & Fears LLP**
**2375 East Camelback Road, 6th Floor**
**Phoenix, Arizona 85016**
**(602) 344-9549**

Defendant's Atty(s):

---

<u>II. Basis of Jurisdiction</u>:          **4. Diversity (complete item III)**

<u>III. Citizenship of Principal Parties</u>
**(Diversity Cases Only)**

Plaintiff:- **5 Non AZ corp and Principal place of Business outside AZ**

Defendant:- **5 Non AZ corp and Principal place of Business outside AZ**

IV. Origin :                        **1. Original Proceeding**

V. Nature of Suit:                  **110 Insurance**

VI.Cause of Action:                 **28 U.S.C. § 1332 and 28 U.S.C. § 1391**

VII. Requested in Complaint

                    Class Action:**No**

            Dollar Demand:**More than $75,000**

               Jury Demand:**Yes**

VIII. This case **is not related** to another case.

Signature:  <u>**Scott S. Thomas**</u>

    Date:  <u>**June 9, 2023**</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the _Back_ button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014